ELIZABETH E. ANDERSON, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 6, 1911.

1. STREET RAILWAYS: Negligence: Standing on Platform. A female passenger on a street car signaled for the car to stop at a street crossing then being approached. She then left her seat and went to the platform and as the car began to slow down, as though to stop, she gathered up her skirts and stepped to the edge of the platform preparatory to getting off when the car should stop. Just then the car was suddenly jerked or started forward, so that plaintiff was thrown violently to the street and injured. It was *held* that negligence being found in so jerking the car, the company was liable in damages.

2. ———: ———: ———. Where a street railway company invites passengers to ride standing in the platform and vestibules, by receiving them when there are no unoccupied seats, it cannot claim the act of the passenger in going upon the platform preparatory to alighting when the car should stop, to be negligence.

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

AFFIRMED.

159 App.—29

*John H. Lucas* and *Charles N. Sadler* for appellant.

A passenger riding in a place not intended for passengers to ride, or in a way and manner not intended for them to ride, is guilty of contributory negligence, and assumes all risks incident to such acts. White on Personal Injuries on Railroads, col. 2, sec. 773-802; Vessels v. Railroad, 129 Mo. App. 708; Hedrick v. Railroad Co., 195 Mo. 104; Carroll v. Railroad, 100 Mo. 653; Lehnick v. Railroad, 118 Mo. App. 611.

*C. W. Prince* and *J. C. Eubank* for respondent.

ELLISON, J.—Plaintiff was a passenger on one of defendant's street cars in Kansas City. In making ready to alight from the car she was thrown violently to the street and sustained the injuries for which she brought this action. She recovered judgment in the circuit court.

Since the verdict was for the plaintiff, we must assume all the evidence in her behalf to be true and must allow to her all reasonable inferences to be drawn therefrom. It appears that she was traveling east and signalled the car to stop at McGee street. That she then arose from her seat and proceeded to the platform of the car preparatory to alighting when it should stop. As the car slowed down as though to stop, she stepped close to the edge of the platform, at the same time gathering her skirts in her hand so as to be ready for stepping off when the car should stop. Just at this time the motorman caused the car to be suddenly and violently jerked forward so that plaintiff was thrown with great force upon the street, from whence she was taken up by persons who witnessed the fall. There was no attempt made by plaintiff to get off the car. She suffered serious injury.

It is somewhat difficult to follow the different objections taken to the judgment. The petition clearly

charges 'that plaintiff was a passenger and that she was thrown upon the street through the carelessness and negligence of defendant's servants by the sudden jerking or starting of the car as she was "preparing to alight therefrom." These allegations were sustained by the short statement of fact which we have just set out.

Defendant mistakenly assumes that plaintiff alleged the car had stopped, because it is stated the car was suddenly jerked and started. There was no allegation of the car having come to a stop, nor was the case submitted to the jury on that ground. The case stated and made by the evidence was that the signal was given for the car to stop, and that in obedience thereto it had slowed down as though going to stop, when suddenly it was caused to jerk or start forward. Starting up by a sudden jerk does not necessarily mean the car was started from a stop, but may well mean, in connection such as in this instance, a starting in rapid movement from a slow movement.

So the only question in the case is, was the plaintiff guilty of contributory negligence in leaving her seat, after signaling for a stop, and going to the platform and preparing to alight when she saw the car was slowing down as though to come to a stop? In view of the well nigh universal habit and custom of passengers to so act, there can be but one answer to the question. If passengers who are not incumbered in such way as to render the act dangerous, and who are in full capacity to care for themselves, as most of them are, should remain seated until the car has come to a full stop, travel would be mush hampered and impeded. It is common observation that street railways do not require or encourage this from their patrons. Cases showing it to be negligence to alight from a moving car do not meet the question now presented.

Street railway companies encourage riding on cars by standing on the platforms, or vestibules, or aisles.

They do this by permitting it and by inviting it by stopping and taking on passengers when there is no other place to ride. The evidence shows that passengers were riding on the platform at the time of plaintiff's injury. Then what reason can there be for putting blame upon her for going to the platform preparatory to getting off when the car should stop?

The instructions properly submitted the case to the jury. What we have said as to the facts really disposes of all objections made thereto. None of them assumed the car had stopped.

The objection to the instruction on the measure of damages is extremely critical.

The instructions for the defendant were entirely fair and presented every phase of the case to the jury upon which its defense could rest. The modification made to two of them was without fault. Nor is there any ground to support the suggestion that one of them would confuse the jury in referring to an instruction as "instruction 1" instead of "instruction 1-P."

We cannot discover any ground for interference with the verdict, and the judgment is accordingly affirmed. All concur.